**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TILAK RAJ,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 07-71409<br><br>Agency No. A097-515-264<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2011[**]
San Francisco, California

Before: NOONAN, O'SCANNLAIN, and TROTT, Circuit Judges.

     Mr. Raj petitions this court for review of the IJ and BIA's adverse credibility

determination and denial of withholding of removal and relief under the

Convention Against Torture.  We deny the petition.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Where, as here, the BIA adopts the IJ's decision and also adds its own reasons, both decisions are reviewed. Nuru v. Gonzales, 404 F.3d 1207, 1215 (9th Cir. 2005). Questions of law are reviewed de novo, but factual findings underlying the agency's final order are reviewed for substantial evidence. Id. Reviewing for substantial evidence means the BIA's findings must be upheld unless the evidence compels a contrary result. INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

Substantial evidence supported the IJ's adverse credibility finding. Mr. Raj was evasive, unaware what the ISI was despite referencing it in his application for relief, and his testimony was inconsistent with his application for relief regarding police visits to his home in the time since he left India.

Alternatively, substantial evidence supported the conclusion that Mr. Raj is ineligible for withholding of removal. The local police were interested in Sukha; the police left Mr. Raj alone when Sukha was not present. This evidence does not support Mr. Raj's contention that he was persecuted on the grounds of an imputed political belief.

Substantial evidence also supported the conclusion that Mr. Raj is ineligible for relief under the Convention Against Torture. Mr. Raj did not carry his burden of showing that he would more likely than not be tortured upon his return to India. Furthermore, Mr. Raj did not establish that he would be unable to move to a

different part of India and live in peace.  See Kamalthas v. INS, 251 F.3d 1279, 1282 (9th Cir. 2001).

**DENIED.**